UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-00076-RJC

| | |
|---|---|
| **DERRICK JERVON LINDSAY,** | ) |
| **Plaintiff,** | ) |
| v. | ) |
| | ) **ORDER** |
| **FNU LAMBERT, FNU INGRUM,** | ) |
| **FNU MILLS, FNU STEWART,** | ) |
| **FNU PARSON, ROBERT C. LEWIS,** | ) |
| **Defendants.** | ) |

**THIS MATTER** is before the Court on consideration of Plaintiff's pro se complaint, filed pursuant to 42 U.S.C. § 1983.

## I. BACKGROUND

Plaintiff is a prisoner of the State of North Carolina who filed this Section 1983 complaint contending that his protected rights were violated after he was denied one meal following his placement in segregation during a regularly scheduled meal time.

Among other relief, Plaintiff seeks compensatory damages and punitive damages in the amount of $500,000 against each defendant, and a declaratory judgment that the acts of the defendants violated his Constitutional rights and the laws of the United States. (3:13-cv-00076, Doc. No. 1 at 5).

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous,

1

malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

### III. DISCUSSION

In order to state an actionable claim under Section 1983, a plaintiff must first establish that the defendant was acting under color of state law, and that the defendant(s) conduct deprived him "of any rights, privileges, or immunities secured by the Constitution" or the laws of the United States. See West v. Atkins, 487 U.S. 42, 48 (1988).

Although Plaintiff does not specifically allege as much, he must contend that his right to be free from cruel and unusual punishment, as protected by the Eighth Amendment, was violated when he was denied a lone meal while in segregation during one evening. However, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). See also Rhodes v. Chapman, 452 U.S. 337, 347 (1981) ("But conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society.").

In his complaint Plaintiff acknowledges that he missed his regularly scheduled meal <u>because</u> he was ordered into segregation and Plaintiff does not appear to contest that there was no just reason that he was placed in segregation. Furthermore, nowhere in his complaint does Plaintiff allege that the defendants' collective actions caused him any particular hardship, and certainly nothing approaching an excessive hardship.

In sum, Plaintiff, in alleging missing one meal, has failed to set forth an actionable Eighth Amendment claim for cruel and unusual punishment. Likewise, Plaintiff cannot demonstrate the deprivation of one meal represented a deliberate indifference to his serious medical needs. <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 104-05 (1976). For the reasons stated herein, the Court finds that Plaintiff has failed to state a claim for relief and this complaint will be dismissed. <u>See</u> 28 U.S.C. § 1915A(b)(1).

### IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED**. (Doc. No. 1).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: February 5, 2015

Robert J. Conrad, Jr.
United States District Judge